UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENISE BERRY,

      Plaintiff,

v.

SHIRO, INC.,

      Defendant.

Case No. 24-
Hon.

_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DENISE BERRY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, SHIRO, INC., stating as follows:

## COMMON ALLEGATIONS

1.    That Plaintiff is a resident of the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

2.     That Defendant is a domestic profit corporation incorporated within and having its principal place of business inside the State of Michigan and is otherwise domiciled in the State of Michigan.

3.     That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     That venue is proper with this Honorable Court pursuant to 28 U.S.C. § 1391.

5.     That assignment to this Honorable Division is proper pursuant to Local Rule 83.10(b).

6.     That at all times material hereto, Plaintiff was and is a female veteran.

7.     That at all times material hereto, Plaintiff is a person with a disability as she has been diagnosed with post-traumatic stress disorder, which is hereinafter referred to as "PTSD."

8.     That at all times material hereto, Plaintiff dealt with her disability with the aid of a service animal.

9.     That Plaintiff's service animal is a dog named Jenga.

10.    That Jenga is a certified service dog and trained by America's Vetdogs, an accredited assistance dog school that trains guide dogs and service dogs.

11.    That at all times material hereto, Defendant operates a Japanese

restaurant and sushi bar located at 43180 West 9 Mile Road, Novi, Michigan.

12.     That on or about September 2, 2023, Plaintiff intended on meeting her partner and her partner's child at Defendant's restaurant.

13.     That Plaintiff's partner arrived first and asked for a table.

14.     That Plaintiff's partner informed Defendant that Plaintiff would be sitting with her and Plaintiff would be accompanied by her service animal.

15.     That Defendant's representative advised Plaintiff's partner that Plaintiff's service dog would have to remain outside the restaurant.

16.     That when Plaintiff arrived at the restaurant, she was greeted by her partner outside the restaurant.

17.     That Plaintiff's partner then related what had transpired inside.

18.     That at that point, Plaintiff entered the restaurant with her service animal.

19.     That at that time, Plaintiff's service animal was wearing a vest that clearly indicated the dog was a service animal.

20.     That Plaintiff spoke with an employee, who was later identified as the manager, and requested a table for three.

21.     That Defendant's manager told Plaintiff that she could have the table if she left her dog outside.

22.     That Plaintiff responded by informing said manager that her dog was a

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

service animal.

23.    That Defendant's manager then asked Plaintiff for her dog's papers.

24.    That Plaintiff replied that she has papers for the dog, but that it was illegal to make a request for them.[1]

25.    That Plaintiff further advised Defendant's manager that Defendant could only legally ask two questions and told him what they were.[2]

26.    That Defendant's manager argued that Plaintiff was wrong and did not know the law.

27.    That Defendant's manager persisted in refusing to serve Plaintiff with her service  animal and eventually walked off into the kitchen.

28.    That Plaintiff waited at the desk for the manager to return and, after waiting some time, requested that another employee find the manager.

29.    That Plaintiff overheard the manager state, "I'm not talking to her."

30.    That Plaintiff was subsequently informed that the manager refused to speak to her and that the restaurant was busy.

31.    That Plaintiff attempted to speak with Defendant's manager once again, who responded, "You're not listening," and walked away.

_____

[1] See 28 C.F.R. § 36.302(c)(6)("A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal.").
[2] See 28 C.F.R. § 36.302(c)(6)("A public accommodation shall not ask about the nature or extent of a person's disability, but may make two inquiries to determine when an animal qualifies as a service animal.  A public accommodation may ask if the animal is required because of a disability and what work or task the animal has been trained to perform.").

32.     That Defendant unlawfully discriminated against Plaintiff because of her use of a service animal and her disability.

33.     That Defendant failed to provide a legitimate, nondiscriminatory reason for its refusal to serve Plaintiff with her service animal.

34.     That Defendant's actions constitute disability discrimination in violation of the Americans with Disabilities Act.

35.     That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

36.     That Defendant's actions constitute negligence and/or negligence per se.

37.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

38.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

39.     That Plaintiff hereby claims any and all remedies available pursuant to

42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

40.    That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

41.    That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

43.    That at all times material hereto, Defendant operated a restaurant or other establishment serving food and/or drink.  42 U.S.C. § 12181(7)(B).

44.    That at all times material hereto, Defendant was and is a "public accommodation" as defined by the Act.  42 U.S.C. § 12181(7)(B); *see also* 28 U.S.C. § 36.104.

45.    That at all times material hereto, Plaintiff has a "disability" as defined by the Act.  42 U.S.C. § 12102(1); 28 C.F.R. § 36.105.

46.    That at all times material hereto, Plaintiff's dog constitutes a "service animal" as defined by the Act and the applicable regulations.  28 C.F.R. § 36.104.

47.    That at all times material hereto, Plaintiff's dog was and is trained to do work or perform tasks for the benefit of an individual with a disability.  28 C.F.R. § 36.104.

48.    That at all times material hereto, Plaintiff's service dog was in the control of Plaintiff.

49.    That at all times material hereto, Plaintiff's service dog was housebroken.

50.    That Title III of the Americans with Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).

51.    That a public accommodation must "make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public administration can demonstrate that making the modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations."  28 C.F.R § 36.302(a).

52.    That more specifically, "a public accommodation shall modify policies,

practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

53.     That "[i]ndividuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go." 28 U.S.C. § 36.302(c)(7).

54.     That Defendant denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of its place of public accommodation by refusing to sit and serve Plaintiff with her service animal.

55.     That Defendant's agent directly told Plaintiff that she could not be served with her service animal.

56.     That Defendant further unlawfully inquired into whether Plaintiff's service animal had papers. *See* 28 U.S.C. § 36.302(c)(6).

57.     That Defendant failed to provide a legitimate, nondiscriminatory reason for its refusal to serve Plaintiff with her service animal.

58.     That Defendant's actions constitute disability discrimination in violation of the Americans with Disabilities Act.

59.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including,

but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

60.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

61.     That Plaintiff hereby claims any and all remedies available pursuant to 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3(a).

62.     That Plaintiff hereby claims reasonable attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

63.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 of her Common Allegations and paragraphs 42 through 62 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

64.     That at all times material hereto, Defendant was a "place of public accommodation" as defined by the Michigan Persons with Disabilities Civil Right Act.  M.C.L. § 37.1301(a).

65.     That at all times material hereto, Plaintiff had a "disability" as defined by the Act.  M.C.L. § 37.1103(d)(i).

66.     That all times material hereto, Plaintiff's dog constituted a "service animal" as defined by the Act and Michigan law.

67.     That at all times material hereto, Plaintiff's service animal was under Plaintiff's control.

68.     That at all times material hereto, Plaintiff's service animal was housebroken.

69.     That Article III of the Michigan Persons with Disabilities Civil Rights Act makes it unlawful for a person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids."  M.C.L. § 37.1302(a).

70.     That the use of a service animal constitutes an "adaptive aid" as used in M.C.L. § 37.1302(a).

71.    That Defendant denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation by refusing to serve Plaintiff with her service animal.

72.    That Defendant failed to provide a legitimate, nondiscriminatory reason for its refusal to serve Plaintiff with her service animal.

73.    That Defendant's actions constitute disability discrimination in violation of the Michigan Persons with Disabilities Civil Rights Act.

74.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

75.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

76.    That Plaintiff hereby claims any and all damages available pursuant to M.C.L. § 37.1606, including reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT III – NEGLIGENCE AND/OR NEGLIGENCE PER SE

77.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 of her Common Allegations, paragraphs 42 through 62 of Count I, and paragraphs 63 through 76 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

78.    That at all times material hereto, Defendant owed a duty to exercise reasonable care in its undertakings and to comply with all statutorily imposed duties.

79.    That the Michigan Penal Code requires a public accommodation to modify its policies, practices, and procedures to permit the use of a service animal by a person with a disability.  M.C.L. § 7550.502c(1).

80.    That the Michigan Penal Code prohibits staff of a public accommodation from asking about a person with a disability's disability, require medical documentation, require a special identification card or training documentation, or ask that the service animal demonstrate its ability to perform work or a task; further, a public accommodation cannot require documentation when making lawful inquiries.  M.C.L. § 750.502c(8)-(9).

81.    That the Michigan Penal Code prohibits a public accommodation from isolating a person with a disability accompanied by her service animal.  M.C.L. §

750.502c(11)(a).

82.    That the Michigan Penal Code prohibits a public accommodation from treating a person with a disability accompanied by her service animal less favorably than other patrons.  M.C.L. § 750.502c(11)(c).

83.    That at all times material hereto, Defendant was a "place of public accommodation" and/or a "public accommodation" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(e)-(f).

84.    That at all times material hereto, Plaintiff was a "person with a disability" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(d).

85.    That at all times material hereto, Plaintiff's service animal was a "service animal" for purposes of the Michigan Penal Code provisions identified above.  *See* M.C.L. § 750.502c(14)(g).

86.    That the Michigan Penal Code provisions identified above satisfy the "statutory purpose doctrine" and, as such, establish the standard of care in an action for negligence.  *See Zeni v. Anderson*, 397 Mich. 117, 143; 243 N.W.2d 270 (1976).

87.    That Defendant breached its duty to exercise reasonable care and comply with all statutorily imposed duties through the following acts and/or omissions:

> (a)    Failing to modify its policies, practices, and/or procedures to permit the use of a service animal by a person with a disability

in violation of M.C.L. § 750.502c(1);

(b)    Failing to comply with its policies, practices, and/or procedures that permit the use of a service animal by a person with a disability;

(c)    By asking Plaintiff for documentation for his service animal in violation of M.C.L. § 750.502c(9);

(d)    By treating Plaintiff, a person with a disability accompanied by a service animal, less favorably than other patrons in violation of M.C.L. § 750.502c(11)(c);

(e)    In failing to act as a reasonably prudent person in compliance with all statutes, ordinances, regulations, and rules then applicable; and

(f)    In any other manner that may be discovered through the course of this litigation or otherwise.

88.    That at all times material hereto, Plaintiff was free from all wrongdoing and/or comparative fault.

89.    That Defendant's actions constitute negligence and/or negligence per se.

90.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, out-of-pocket expenses, medical care, and any other consequential damages.

91.    That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including,

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

92.     That Plaintiff hereby claims any and all costs, interest, and attorney fees allowable pursuant to statute, court rule, and/or common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>December 19, 2024</u>     By:     */s/ Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DENISE BERRY, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                                    Respectfully submitted,
                                    THE MASTROMARCO FIRM

Dated: December 19, 2024      By:   */s/ Victor J. Mastromarco, Jr.*
                                    VICTOR J. MASTROMARCO, JR. (P34564)
                                    KEVIN J. KELLY (P74546)
                                    Attorneys for Plaintiff
                                    1024 N. Michigan Avenue
                                    Saginaw, Michigan 48602
                                    (989) 752-1414